IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3248-FL

| | |
|---|---|
| ALTON DEVON LANGLEY, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| L.D. GLOVER, CLAUDETTE EDWARDS, MONA HORTON, and SEAN DILLARD, | ) |
| Defendants. | ) |

This matter is before the court on defendants' motion for summary judgment (DE 41) pursuant to Federal Rule of Civil Procedure 56. Although advised of his right to do so, plaintiff did not respond to the motion. In this posture, the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff, a former state inmate proceeding pro se, commenced this action by filing complaint on September 12, 2018, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution by charging him with a fabricated disciplinary offense, conducting an unfair disciplinary hearing, convicting him of the offense despite a lack of evidence, and retaliating against him. Defendants, sued in both their individual and official capacities, are L.D. Glover ("Glover"), a correctional captain at the Odom Correctional Institution ("Odom C.I."); Claudette Edwards ("Edwards"), an Odom C.I. superintendent; Mona Horton ("Horton"), an Odom C.I. correctional lieutenant; and Sean Dillard ("Dillard"), the Odom C.I.

disciplinary hearing officer. As relief, plaintiff seeks compensatory damages.

Following a period of discovery, defendants filed the instant motion for summary judgment on November 4, 2020, relying on a memorandum of law, statement of material facts, and appendix of exhibits thereto, comprising the following: 1) declaration of defendants' counsel Alex Williams; 2) plaintiff's offender information sheet; 3) the North Carolina Department of Public Safety ("DPS") disciplinary file; 4) plaintiff's administrative remedy records; 5) declaration of defendant Glover; 6) transcript of telephone calls placed by plaintiff while housed at the Odom C.I.; 7) declaration of defendant Horton; 8) declaration of defendant Dillard; and 9) declaration of defendant Edwards.

That same day, the court notified plaintiff that a motion for summary judgment had been filed and provided plaintiff with instructions regarding how to respond to the motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). As noted above, plaintiff did not respond to the motion.

## STATEMENT OF THE FACTS

The undisputed facts underlying plaintiff's disciplinary proceedings are set forth below.[1] Between June 2017 and July 2017, plaintiff was housed at the Odom C.I. (Defs' SOMF (DE 43) ¶ 3). On June 22, 2017, plaintiff made several telephone calls to a third-party outside the prison, which DPS officials recorded. (Id. ¶ 5). During the calls, plaintiff discussed smuggling marijuana into the Odom C.I. (Glover Decl. (DE 44-2) ¶ 3).

---

[1] Plaintiff did not respond to the instant motion or file verified complaint. Pursuant to Local Civil Rule 56.1(a)(1)–(2), a memorandum opposing a motion for summary judgment must be supported by a separate statement of material facts that includes response to each numbered paragraph in the moving party's statement. "Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted . . . in the opposing statement." Local Civil Rule 56.1(a)(2).

As a result, defendant Glover referred the matter for investigation and plaintiff was charged with an "A12" disciplinary offense for introducing and/or possessing unauthorized substances on July 19, 2017. (Defs' SOMF (DE 43) ¶ 10). Defendant Horton approved the charges that same day, and plaintiff was provided notice of his rights to the disciplinary process. (Id. ¶¶ 11–12). The notice of rights informed plaintiff, inter alia, that he had the right to 24 hours advanced written notice of the charges before the hearing, to make verbal or written statements to the investigating officer, to have evidence gathered and witnesses at the hearing, to request staff assistance, to contest the charge at the hearing, and the right to appeal. (Williams Decl. Ex. B (DE 44-1) at 39).[2] Plaintiff signed the notice of rights form acknowledging receipt. (Defs' SOMF (DE 43) ¶ 13).

Defendant Dillard conducted plaintiff's disciplinary hearing the following day. (Defs' SOMF (DE 43) ¶ 15). During the hearing, defendant Dillard gave plaintiff an opportunity to make a statement, which he did. (Id. ¶ 17). Plaintiff waived his rights to have statements gathered on his behalf or to have other witnesses testify. (Id. ¶ 18). After considering the evidence presented, including the transcripts of the recorded calls documenting plaintiff's intention to smuggle marijuana into the Odom C.I., defendant Dillard found plaintiff guilty of the A12 offense. (Id. ¶¶ 16, 19; see also Dillard Decl. (DE 44-4) ¶ 4). Plaintiff's appeal of the disciplinary conviction was denied. (Defs' SOMF (DE 43) ¶ 20).

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

3

# COURT'S DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the

party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

Defendants first argue that plaintiff failed to exhaust administrative remedies prior to filing this action. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and the court therefore may not excuse failure to exhaust, even to take special circumstances into account. Ross v. Blake, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Administrative grievances must contain sufficient detail to "alert[] the prison to the nature of the wrong for which redress is sought" and "give prison officials a fair opportunity to address the alleged [mistreatment]." Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); Moore

5

Case 5:18-ct-03248-FL   Document 46   Filed 09/20/21   Page 5 of 9

v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008).

DPS has a three-step administrative remedy procedure ("ARP"), which inmates must complete to exhaust administrative remedies. See DPS, Policy & Procedure Manual, Subchapter G, § 0300 et seq., available at https://www.ncdps.gov/adult-corrections/prisons/policy-procedure-manual; see also Moore, 517 F.3d at 721 (describing policy).[3] The ARP first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. ARP § .0301(a). If informal resolution is unsuccessful, the ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. Id. § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the facility head. Id. § .0310(b)(1). If the inmate is not satisfied with the decision reached by the facility head, he may appeal his grievance to the Secretary of Public Safety through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the inmate grievance examiner or a modification by the Secretary of Public Safety shall constitute the final step of the ARP. Id. § .0310(c)(6).

Here, the undisputed record evidence establishes that plaintiff did not file request for administrative remedy with respect to his claims challenging his disciplinary conviction, the procedures employed during the hearing, or for retaliation. (See Williams Decl. Ex. C (DE 44-1) at 49–56). Furthermore, although plaintiff appealed his disciplinary conviction, plaintiff fails to offer evidence establishing he contested the conviction on the grounds set forth in the complaint. See Wilcox, 877 F.3d at 167 n.4 (explaining administrative grievances must provide sufficient

---

[3] The ARP is a publicly available governmental record, the authentication of which is not questioned by the parties. Accordingly, the court may take judicial notice of the policy when resolving the instant motion. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fauconier v. Clarke, 652 F. App'x 217, 220 n.4 (4th Cir. 2016).

6

detail to "alert[] the prison to the nature of the wrong for which redress is sought"). Accordingly, the motion for summary judgment is granted where the undisputed evidence establishes plaintiff failed to exhaust administrative remedies prior to bringing this action.

Alternatively, plaintiff's claims fail on the merits. The court begins with plaintiff's Fourteenth Amendment claims challenging his disciplinary hearing and conviction. The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of a protected liberty interest. Wolff v. McDonnell, 418 U.S. 539, 557–58 (1974). Under the Wolff standard, an inmate is entitled to the following: 1) written notice of the charges at least 24 hours in advance of the hearing; 2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and 3) the right to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564–66; see also Lennear v. Wilson, 937 F.3d 257, 268 (4th Cir. 2019).

Decisions by a disciplinary board pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the board's factual finding de novo or for clear error, and determining whether the standard is satisfied does not require examination of the entire record or weighing the evidence. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "[a]s long as the record is 'not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary,' courts need not grant . . . relief on this ground." Tyler v. Hooks, 945 F.3d 159, 170 (4th Cir. 2019) (quoting Hill, 472 U.S. at 457). Finally, the disciplinary decision must be made by an impartial

7

Case 5:18-ct-03248-FL   Document 46   Filed 09/20/21   Page 7 of 9

adjudicator. Wolff, 418 U.S. at 570-71.

Here, defendants offer undisputed evidence that plaintiff received the procedural due process protections mandated by Wolff, that a sufficient evidentiary record was developed to support the conviction, and that the decision was made by an impartial adjudicator. (See Williams Decl. Ex. B (DE 44-1) at 39–48; Dillard Decl. (DE 44-4)). And where plaintiff fails to contest defendants' evidentiary record, he has not established a genuine issue of material fact with respect to his Fourteenth Amendment claims. See Fed. R. Civ. P. 56(c)(1); Matsushita Elec. Indus., 475 U.S. at 586–87.[4]

The court now turns to plaintiff's retaliation claim. A plaintiff alleging retaliation must establishing the following: 1) that the plaintiff engaged in constitutionally protected First Amendment activity; 2) the defendant took an action that adversely affected that activity; and 3) there was a causal relationship between the plaintiff's protected activity and the defendant's conduct. Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017); see also Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005). "[A] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Constantine, 411 F.3d at 500 (internal quotations omitted).

Here, as defendants explain, the record is wholly devoid of evidence establishing that defendants retaliated against plaintiff under the standard set forth above. (See Defs' App. (DE 44)). As with the Fourteenth Amendment claims, plaintiff fails to respond to defendants'

---

[4] To the extent plaintiff is alleging defendant Edwards violated his Fourteenth Amendment rights by failing to investigate his claims that the disciplinary charges were false, the motion for summary judgment is granted as to this claim as well. As set forth above, plaintiff fails to offer competent evidence supporting this allegation.

8

showing. Defendants therefore are entitled to summary judgment with respect to the retaliation claim. See Fed. R. Civ. P. 56(c)(1); Matsushita Elec. Indus., 475 U.S. at 586–87.

Finally, plaintiff's official capacity claims are without merit. Official capacity clams are "in effect, . . . against the governmental entity employing [the defendant]." Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2009). And where defendants were employed by a state agency during the relevant time period, these claims are barred by the Eleventh Amendment to the United States Constitution.[5] See Board of Trustees of the Univ. of Ala. V. Garret, 531 U.S. 356, 363 (2001); Idaho v. Coeur d' Alene Tribe of Idaho, 521 U.S. 261, 267 (1997); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Accordingly, these claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[6]

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 41) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of September, 2021.

LOUISE W. FLANAGAN
United States District Judge

---

[5] Plaintiff does not seek any form of injunctive relief in this action.

[6] Section 1915(e)(2) provides that where the plaintiff proceeds in forma pauperis, the court may dismiss the action "at any time" if it determines the plaintiff has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

9